(56 Misc. Rep. 123.)

### PEOPLE v. McCLELLAN et al.

(Supreme Court, Trial Term, New York County. October 16, 1907.)

TRIAL—CALENDARS—PREFERRED CASES—STATUTES.

    Under Code Civ. Proc. § 791, subd. 1, and section 793, providing for a preference in actions by or against people of the state, where the attorney for the people has given notice at the time of the service of the notice of trial of the particular day in the term at which he will move it, in an action by the people to test the title of defendant to the office of mayor of New York City, where the notice of motion for preference states the particular day on which the Attorney General will move the action for actual and immediate trial, the court should by order name a day of the term on which the case will be moved for immediate trial, but not setting the action down peremptorily for trial on that date, since at that time any good reasons existing for adjournment may be passed upon by the judge having charge of the calendar.

Action by the people of the state of New York against George B. McClellan, impleaded with William Randolph Hearst, to test the title of defendant McClellan to the office of mayor of the city of New York. Motion for a preference granted.

See 105 N. Y. Supp. 844.

William Schuyler Jackson, Atty. Gen., for the motion.
Eugene Lamb Richards, Jr., opposed.

GIEGERICH, J. Motion is made to prefer this action under subdivision 1 of section 791 and under section 793 of the Code of Civil Procedure; the action being brought to test the title of the defendant George B. McClellan to the office of mayor of the city of New York. The notice of motion, among other things, states that the particular day upon which the Attorney General will move the action for actual and immediate trial will be Monday, October 21, 1907. The motion papers were served on September 23, 1907.

The motion is resisted on the ground, among others, that it was decided in Riglander v. Star Co., 98 App. Div., 101, 90 N. Y. Supp. 772, affirmed 181 N. Y. 531, 73 N. E. 1131, that the provisions of section 793 relating to preferences were unconstitutional. As I construe that decision, however, the court in that case did not decide that the Legislature exceeded its power in providing that a preference should be granted to actions of this kind, but that the unconstitutional feature of the act was in providing peremptorily and unqualifiedly that the cause should be heard on the day for which it might be set, thus taking from the court its constitutional right to exercise discretion in passing upon grounds for adjournment which might exist when the day arrived, and which might be such that to deny an adjournment would virtually deprive the party seeking it of his day in court and deprive him of his property without due process of law. The order to be entered in this case should not set the action down peremptorily for trial on a given date, but should, pursuant to subdivision 1 of section 791 of the Code of Civil Procedure, merely name a day of the term on which the case will be moved for immediate trial. If at that time any good reasons exist for adjournment, those reasons can be passed upon by the judge having charge of the calendar.

I have examined the other grounds urged in opposition to the motion, but can find no cause in any of them why the motion should not be granted to the extent and in the manner above indicated. When the case is moved for trial on the day fixed in the order, some of the reasons urged for denying the motion may have ceased to exist, and such others as are entitled to any weight can be taken into consideration by the justice presiding in the calendar part.

Motion granted, as indicated. Settle order on notice.